UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA            :

       -v.-                         :      07 Cr. 975 (WHP)

EDWARD FEUER,                       :

          Defendant.    :

- - - - - - - - - - - - - - - - - x


<u>GOVERNMENT'S REQUESTS TO CHARGE</u>

      Pursuant to Rule 30 of the Federal Rules of Criminal Procedure, the Government respectfully requests that the Court include the following in its charge to the jury.

TABLES OF CONTENTS

Request No. 1: General Requests . . . . . . . . . . . . . . . 1

Request No. 2: Reasonable Doubt . . . . . . . . . . . . . . 2

Request No. 3: Summary of Count One . . . . . . . . . . . . 4

Request No. 4: Count One - Elements . . . . . . . . . . . . 5

Request No. 5: Count One - First Element. . . . . . . . . . 6

Request No. 6: Count One - Second Element . . . . . . . . 8

Request No. 7: Count One - Third Element . . . . . . . . . 9

Request No. 8: Count One - Fourth Element . . . . . . . . . 12

Request No. 9: Affirmative Defense - Depiction Did Not
Portray Real Minor . . . . . . . . . . . . . . . . . . . . 14

Request No. 10: Possession Defined . . . . . . . . . . . . 15

Request No. 11: Variance in Dates . . . . . . . . . . . . . 18

Request No. 12: Venue . . . . . . . . . . . . . . . . . . . 19

Request No. 13: Similar Act Evidence . . . . . . . . . . . 20

Request No. 14: Particular Investigative Techniques Not
Required . . . . . . . . . . . . . . . . . . . . . . . . . 22

Request No. 15: Law Enforcement Witnesses . . . . . . . . . 23

Request No. 16: Expert Testimony . . . . . . . . . . . . . 24

Request No. 17: Character Testimony. . . . . . . . . . . . 26

Request No. 18: Uncalled Witness . . . . . . . . . . . . . 27

Request No. 19: Preparation of Witnesses. . . . . . . . . . 28

Request No. 20: Defendant's Testimony. . . . . . . . . . . 29

Request No. 21: Defendant's Right Not to Testify . . . . . 30

Request No. 22: Use of Evidence Obtained Pursuant to
Search or Seizure . . . . . . . . . . . . . . . . . . . . . 31

Request No. 23: Admissions of Defendant. . . . . . . . . . 32

Request No. 24: Persons Not on Trial . . . . . . . . . . .  33

Request No. 25: Improper Considerations . . . . . . . . . .  34

Request No. 26: Stipulations . . . . . . . . . . . . . . .  35

Request No. 27: Use of Charts and Tables . . . . . . . . .  36

Request No. 28: Conclusion . . . . . . . . . . . . . . . .  38

<u>REQUEST NO. 1.</u>

<u>General Requests</u>

The Government respectfully requests that the Court give its usual instructions to the jury on the following matters:

a.    Function of Court and Jury

b.    Indictment not Evidence

c.    Evidence Consists of Testimony, Documents, Exhibits, and Stipulations

d.    Statements of Court and Counsel not Evidence

e.    Rulings on Evidence and Objections

f.    Burden of Proof and Presumption of Innocence

g.    Government Treated Like Any Other Party

h.    Definitions and Examples of Direct and Circumstantial Evidence

i.    Inferences

j.    Credibility of Witnesses

k.    Right to See Exhibits and Have Testimony Read During Deliberations

l.    Sympathy:  Oath as Jurors

m.    Punishment Is Not to Be Considered by the Jury

n.    Verdict of Guilt or Innocence Must be Unanimous

REQUEST NO. 2.

Reasonable Doubt

I have said that the Government must prove the
defendant guilty beyond a reasonable doubt.  The question
naturally is what is a reasonable doubt?  The words almost define
themselves.  It is a doubt based upon reason and common sense.
It is a doubt that a reasonable person has after carefully
weighing all of the evidence.  It is a doubt which would cause a
reasonable person to hesitate to act in a matter of importance in
his or her personal life.  Proof beyond a reasonable doubt must,
therefore, be proof of such a convincing character that a
reasonable person would not hesitate to rely and act upon it in
the most important of his own affairs.  A reasonable doubt is not
a caprice or whim; it is not a speculation or suspicion.  It is
not an excuse to avoid the performance of an unpleasant duty.
And it is not sympathy.

In a criminal case, the burden is at all times upon the
Government to prove guilt beyond a reasonable doubt.  The law
does not require that the Government prove guilt beyond all
possible doubt; proof beyond a reasonable doubt is sufficient to
convict.  This burden never shifts to the defendant, which means
that it is always the Government's burden to prove each of the
elements of the crimes charged beyond a reasonable doubt.

If, after fair and impartial consideration of all of

-2-

the evidence you have a reasonable doubt, it is your duty to
acquit the defendant.  On the other hand, if after fair and
impartial consideration of all the evidence you are satisfied of
the defendant's guilt beyond a reasonable doubt, you should vote
to convict.

        Sand, <u>Modern Federal Jury Instructions</u>,
        Instr. 19-6 and 56-18.

REQUEST NO. 3.

Summary Of Count One

The defendant EDWARD FEUER is formally charged in an Indictment. As I instructed you at the outset of this case, the Indictment is a charge or accusation. It is not evidence. The Indictment in this case contains one count, charging the defendant with a crime. I will first read the Indictment. Then I will explain in detail the elements of that offense.

Count One charges the defendant with knowingly receiving and attempting to receive child pornography, and reads as follows:

Count One

> From at least in or about June 2006 up to and including on or about July 20, 2007, in the Southern District of New York and elsewhere, EDWARD FEUER, the defendant, unlawfully, willfully, and knowingly did receive and distribute child pornography, and material that contained child pornography, as that term is defined in Title 18, United States Code, Section 2256(8), that has been mailed, shipped and transported in interstate and foreign commerce by any means, including by computer, to wit, FEUER downloaded images of child pornography via the Internet to his Government computer in 26 Federal Plaza in Manhattan.

Title 18, United States Code, Section 2252A(a)(2), provides as follows:

> Any person who . . . knowingly receives or distributes any child pornography [or any material that contains child pornography] that has been mailed, or shipped or transported in interstate or foreign commerce by any means, including by computer [shall be guilty of a crime].

-4-

<u>REQUEST NO. 4.</u>

<u>Count One - Elements</u>

In order to prove the defendant guilty of Count One of the Indictment, the Government must establish the following four elements beyond a reasonable doubt:

First, that on or about the dates set forth in the Indictment, the defendant knowingly received or distributed a visual depiction, as I will explain that term to you;

Second, that the visual depiction was transported in interstate or foreign commerce;

Third, that the visual depiction was child pornography, as I will define that term; and

Fourth, that the defendant knew of the sexually explicit nature of the material and that the visual depictions were of actual minors engaged in that sexually explicit conduct.

Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instruction 62-26.

REQUEST NO. 5.

Count One - First Element

As to Count One, the first element you must find is that, on or about the date set forth in the Indictment, the defendant knowingly received a visual depiction.

An act is done "knowingly" if it is done purposely and voluntarily, as opposed to mistakenly or accidentally.

Now, science has not yet derived a manner of looking into a person's mind and knowing what that person was thinking. You do, however, have before you evidence of certain acts and statements alleged to have been taken by the defendant or in his presence.  The Government contends that these acts and statements show, beyond a reasonable doubt, the defendant's knowledge.

The term "visual depiction" includes any photograph, film, video, or picture, including undeveloped film and videotape, and data stored on computer disk or by electronic means which is capable of conversion into a visual image.

To receive a visual depiction means to take possession of it.  This includes the knowing acceptance of a depiction previously requested.  You may find that the defendant "received" a visual depiction if you find that he downloaded it by means of the Internet, including if his computer automatically saved a visual depiction to its cache upon the defendant's viewing a visual depiction on the Internet.

-6-

18 U.S.C. § 2252A(a)(2)(B); Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instruction 62-28; <u>United States</u> v. <u>Tucker</u>, 305 F.3d 1193, 1205 (10th Cir. 2002) (concluding evidence is sufficient to find defendant knowingly possessed child pornography, where it was saved in his computer's cache); <u>United States</u> v. <u>Bass</u>, 411 F.3d 1998 (10th Cir. 2005) (concluding evidence was sufficient as to defendant's knowledge where evidence showed defendant attempted to delete images from cache); <u>United States</u> v. <u>Mohrbacher</u>, 182 F.3d 1041 (9th Cir. 1999); <u>United States</u> v. <u>Romm</u>, 455 F.3d 990 (9th Cir. 2006) (concluding that evidence is sufficient to find that defendant knowingly possessed and received child pornography when it was automatically saved to his cache and there was evidence that defendant knew of such process).

REQUEST NO. 6.

Count One - Second Element

The second element that you must find is that the child pornography was actually transported in interstate or foreign commerce.

The indictment alleges that the child pornography was actually transported in interstate or foreign commerce.  This means that the government must prove that the child pornography crossed between one state and another or between the United States and a foreign country.  I instruct you as a matter of law that transmission of photographs or video by means of the Internet constitutes transportation in interstate commerce. However, you must find beyond a reasonable doubt that the specific depiction in question was actually transmitted by means of the Internet.

18 U.S.C. § 2252A(a)(2)(B); Adapted from Sand, Modern Federal Jury Instructions, Instruction 62-33.

-8-

<u>REQUEST NO. 7.</u>

<u>Count One - Third Element</u>

The third element that you must find is that the visual depiction was child pornography.

Child pornography means any visual depiction the production of which involved the use of a minor engaging in sexually explicit conduct, as I will explain that term to you, and which portrays that minor engaged in that conduct.

The visual depiction must be of a real person under the age of eighteen engaging in sexually explicit conduct. The government does not have to prove the identity of the minor or the exact age of the minor. You may consider all of the evidence, including your viewing of the depiction, in determining whether the depiction portrayed an actual person under the age of eighteen engaging in sexually explicit conduct.

"Sexually explicit conduct" means actual or simulated sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex; bestiality; masturbation; sadistic or masochistic abuse; or lascivious exhibition of the genitals or pubic area of any person.

The term "lascivious exhibition" means a depiction which displays or brings to view to attract notice to the genitals or pubic area of children in order to excite lustfulness

-9-

or sexual stimulation in the viewer.  Not every exposure of the genitals or pubic area constitutes a lascivious exhibition.  In deciding whether the government has proved that a particular visual depiction constitutes a lascivious exhibition, you should consider the following questions:

- Whether the focal point of the visual depiction is on the child's genitals or pubic area, or whether there is some other focal area;

- Whether the setting of the visual depiction makes it appear to be sexually suggestive, for example, in a place or pose generally associated with sexual activity;

- Whether the child is displayed in an unnatural pose, or in inappropriate attire, considering the age of the child;

- Whether the child is fully or partially clothed, or nude, although nudity is not in and of itself lascivious;

- Whether the visual depiction suggests sexual coyness or a willingness to engage in sexual activity; and

- Whether the visual depiction is intended or designed to elicit a sexual response in the viewer.

It is not required that a particular visual depiction involve all of these factors to be a lascivious exhibition. The importance which you give to any one factor is up to you to decide.

> 18 U.S.C. §§ 2252A(a)(2)(B) & 2256(8); Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instructions 62-36 & 62-37; <u>Ashcroft</u> v. <u>Free Speech Coalition</u>, 535 U.S. 234 (2002); <u>United States</u> v. <u>Boudreau</u>, 250 F.3d 279 (5th Cir. 2001); <u>United States</u> v. <u>Pabon-Cruz</u>, 255 F. Supp. 2d 200, 206 (S.D.N.Y. 2003) ("A jury exercising common sense could easily infer that no rational person could believe that all of [the 500 photographic files and 200 video files] were simulated or virtual.").

REQUEST NO. 8

Count One - Fourth Element

The fourth element that you must find is that the defendant knew that the material he received was child pornography.

As I stated before, an act is done knowingly when it is done voluntarily and intentionally and not because of accident, mistake or some other innocent reason.

In this case, the term "knowingly" refers to an awareness of the sexually explicit nature of the material, and to the knowledge that the visual depictions were in fact of actual minors engaged in that sexually explicit conduct.

The government must show that the defendant had knowledge of the general nature of the contents of the material. The defendant need not have specific knowledge as to the identity or actual age of the underage performer. The defendant must have knowledge or an awareness that the material contained a visual depiction of a minor engaging in sexually explicit conduct. Such knowledge may be shown by direct or circumstantial evidence, or both. Eyewitness testimony of the defendant's viewing of the material is not necessary to prove his awareness of its contents; the circumstances may warrant an inference that he was aware of what the material depicts.

Furthermore, the defendant's belief as to the legality

-12-

or illegality of the material is irrelevant.

> Adapted from Sand, <u>Modern Federal Jury Instructions</u>,
> Instruction 62-39.

REQUEST NO. 9

Affirmative Defense -
Depiction Did Not Portray Real Minor

[If applicable]

No instruction should be given.


18 U.S.C. §§ 2252A(d); Sand, Modern Federal Jury
Instructions, Instructions 62-38 ("As the defense
continues to place the burden on the defendant to prove
that he was engaging in protected speech, and has all
the infirmities of the preceding version rejected in
Ashcroft, no instruction on this defense is
recommended.  Instead, the court should continue to
place the burden on the government to establish that a
real child was depicted."); Ashcroft v. Free Speech
Coalition, 535 U.S. 234 (2002).

REQUEST NO. 10

Possession Defined

The defendant is charged with receiving, and thereby taking possession of, materials that contained child pornography. Because the legal definition of "possession" may differ from the everyday usage of the term, let me explain that term in some detail.

Actual possession is what most of us think of as possession; that is, having physical custody or control of an object, as I possess this pen. If you find that the defendant had materials that contained child pornography on his person, you may find that he had possession of it. However, a person need not have actual, physical possession -- that is, physical custody of an object -- in order to be in legal possession of it. If an individual has the ability to exercise substantial control over an object, even if he does not have the object in his physical custody at a given moment, and that person has the intent to exercise such control, then he is in legal possession of that article. This is called "constructive possession."

Control over an object may be demonstrated by the existence of a working relationship between one person having the power or ability to control the item, and another person who has actual physical custody. The person having control "possesses" the object because he has an effective working relationship with

-15-

the people who have actual physical custody of the object and because he can direct the movement or transfer or disposition of the object.

In addition, an individual may have possession of an object that is not found on his person, because that individual has a relationship to the location where the object is maintained. In this manner, for example, a business person may legally possess things that are scattered throughout a number of stores or offices or installations around the country.

More than one person can have control over the same object. The law recognizes that possession may be sole or joint. If one person alone has actual or constructive possession of an object, possession is sole. If more than one person has possession of it, as I have defined possession for you, then possession is joint.

Now, let me give you some examples of possession. I have a pen in my hand. There should be no doubt in your mind that I physically possess the pen.

Another example: Let's say I brought in some candy today and left it on my law clerk's desk. She knows that she can't eat all of that candy; she'd better leave some for me. I do not physically possess the candy but I do have control over it. My law clerk also has control over it. I can be said to "possess" the candy jointly with my law clerk.

One more example:  Say my father left me a watch when he died, and it is now sitting in a safety deposit box.  Say also that my brother and I are the only people who can get into that box.  Do we have possession of the watch?  Absolutely we have possession of it, even though it's in a safety deposit box.

If an individual has the ability to exercise substantial control over an object that he does not have in his physical custody, and the intent to exercise such control, then he is in possession of that article.  Proof of ownership is not required to establish possession.

Adapted from the charge of the Honorable Barbara S. Jones in United States v. Fredrick Rowe, 02 Cr. 756 (S.D.N.Y. 2007).

<u>REQUEST NO. 11</u>

<u>Variance in Dates</u>

As you are considering the charge in the Indictment, let me instruct your that it does not matter if the Indictment provides that a specific transaction or event is alleged to have occurred on or about a certain date and the testimony or other evidence indicates that in fact it was on another date. The law only requires a substantial similarity between the dates alleged in the Indictment and the dates established by the testimony or other evidence.

––––––––––––    Adapted from the charge of the Honorable Sidney H.
Stein in <u>United States</u> v. <u>Frank Porcaro</u>, 00 Cr. 1271
(SHS) (S.D.N.Y. 2001) ("<u>Porcaro</u> Charge"), at 813;
adapted from charge of the Honorable Charles S. Haight
in <u>United States</u> v. <u>Eric Newton</u>, S1 01 Cr. 635 (CSH)
(S.D.N.Y. 2002) ("<u>Newton</u> Charge") at 1134.

REQUEST NO. 12

Venue

In addition to the foregoing elements of the offense, you must consider whether any act in furtherance of the crime occurred within the Southern District of New York.

The Southern District of New York includes Manhattan, the Bronx, and Westchester County.

In this regard, the Government need not prove that the crime was committed in this District or that the defendant himself was present here. It is sufficient to satisfy this element if any act in furtherance of the crime occurred in this District.

I should note that on this issue -- and this alone -- the Government need not prove venue beyond a reasonable doubt, but only by a mere preponderance of the evidence. Thus, the Government has satisfied its venue obligations if you conclude that it is more likely than not that any act in furtherance of the crime occurred within this district.

> Adapted from Porcaro Charge at 814; see United States v. Bala, 236 F.3d 87, 95 (2d Cir. 2000) ("the government must prove venue by a preponderance of the evidence").

-19-

REQUEST NO. 13

Similar Act Evidence

[If applicable]

The Government has offered evidence that, on different occasions, the defendant engaged in conduct similar to the charge in the Indictment -- specifically, that [INSERT APPROPRIATE LANGUAGE AS TO EVIDENCE ADMITTED].

In that connection, let me remind you that the defendant is not on trial for committing acts not alleged in the Indictment. Accordingly, you may not consider the evidence of these similar bad acts as a substitute for proof that the defendant committed the crimes charged in the Indictment. Nor may you consider this evidence as proof that the defendant has a criminal personality or bad character. The evidence of the other, similar acts was admitted for a much more limited purpose, namely, as evidence of the defendant's [motive, opportunity, intent, preparation, plan, knowledge, identity, or the absence of mistake or accident], and you may consider it only for those limited purposes. In other words, if you determine that the defendant committed the acts charged in the Indictment and the similar acts as well, then you may, but you need not, draw an inference that in doing the acts charged in the Indictment, the defendant acted intentionally, willfully and knowingly, and not because of some mistake, accident or some other innocent reason.

-20-

Again, the evidence of similar conduct is to be considered by you only on the issues of [common scheme, plan, intent and knowledge].  It may not be considered by you for any other purpose.  Specifically, you may not use this evidence to conclude that because the defendant committed the other bad acts, he must also have committed the acts charged in the Indictment.

Adapted from <u>Porcaro</u> Charge at 814-15; adapted from <u>Newton</u> Charge at 1137-1138; adapted from Sand, <u>et</u> <u>al</u>., <u>Modern Federal Jury Instructions</u>, Instructions 5-25, 5-26.

REQUEST NO. 14

Particular Investigative Techniques Not Required

[If applicable]

You have heard reference, in the arguments of defense counsel in this case, to the fact that certain investigative techniques were not used by the Government.  There is no legal requirement, however, that the Government prove its case through any particular means.  While you are to carefully consider the evidence adduced by the Government, you are not to speculate as to why they used the techniques they did or why they did not use other techniques.  The Government is not on trial.  Law enforcement techniques are not your concern.

Your concern is to determine whether or not, on the evidence or lack of evidence, the defendant's guilt has been proved beyond a reasonable doubt.

Adapted from Newton Charge at 1139-40.

REQUEST NO. 15

Law Enforcement Witnesses

You have heard the testimony of certain law enforcement witnesses.  The fact that a witness may be employed by the government as a law enforcement official or employee does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

In this context, defense counsel is allowed to try to attack the credibility of such a witness on the ground that his or her testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement or Government employee witness, as it is with every other type of witness, and to give to that testimony the weight you find it deserves.

Adapted from Sand et al., Modern Federal Jury Instructions, Instruction 7-16; adapted from Newton Charge at 1139-40.

-23-

REQUEST NO. 16

Expert Testimony

You have heard testimony from what we call expert witnesses. An expert is a witness who by education or experience has acquired learning or experience in a specialized area of knowledge. Such witnesses are permitted to give their opinions as to relevant matters in which they profess to be an expert and give their reasons for their opinions. Expert testimony is presented to you on the theory that someone who is experienced in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

Now, your role in judging credibility applies to experts as well as to other witnesses. You should consider the expert opinions which were received in evidence in this case and give them as much or as little weight as you think they deserve. If you should decide that the opinion of an expert was not based on sufficient education or experience or on sufficient data, or if you should conclude that the trustworthiness or credibility of an expert is questionable for any reason, of if the opinion of the expert was outweighed, in your judgment, by other evidence in the case, then you might disregard the opinion of the expert entirely or in part.

On the other hand, if you find the opinion of an expert is based on sufficient data, education and experience, and the

-24-

other evidence does not give you reason to doubt [his/her]

conclusions, you would be justified in placing reliance on

[his/her] testimony.

> Adapted from the charge of the Hon. Pierre N.
> Leval in United States v. Mucciante, 91 Cr.
> 403 (PNL) (S.D.N.Y. 1992) and from the charge
> of the Hon. Michael B. Mukasey in United
> States v. Mensah, 91 Cr. 705 (MBM) (S.D.N.Y.
> 1991).

REQUEST NO. 17

Character Testimony

[If Applicable]

You have heard testimony concerning the good character of the defendant EDWARD FEUER.

Along with all the other evidence you have heard, you may take into consideration what you believe about the defendant's honesty and truthfulness when you decide whether the Government has proven, beyond a reasonable doubt, that the defendant committed the crimes charged.

> Adapted from the charge in United States v. Pogonia-Men, 949 F.2d 24, 27-31 (2d Cir. 1991) (specifically approving charge). A defendant is not entitled to a charge that character evidence "standing alone" is enough for acquittal. Id. at 27-31 (strongly criticizing such charges as "potentially misleading and confusing"). The Second Circuit notes that "it might be helpful in some cases to instruct the jury as to the purpose or purposes for which [character evidence] is admitted. Character evidence is admissible principally to show that, because of his or her good reputation, the defendant is less likely to have committed the charged crime. In cases where the defendant testifies, character evidence may also be used by the jury to help it determine whether the defendant was truthful on the stand." Id. at 30 (citations omitted).

REQUEST NO. 18

Uncalled Witness –
Equally Available to Both Sides

There are people whose names you heard during the course of the trial but did not appear to testify.  One or more of the attorneys has referred to their absence from the trial.  I instruct you that each party had an equal opportunity or lack of opportunity to call any of these witnesses.  Therefore, you should not draw any inferences or reach any conclusions as to what they would have testified to had they been called.  Their absence should not affect your judgment in any way.

You should remember my instruction, however, that the law does not impose on the defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

Adapted from Sand, Modern Federal Jury Instructions, Instr. 6-7.

-27-

REQUEST NO. 19

Preparation of Witnesses

You have heard evidence during the trial that witnesses have discussed the facts of the case and their testimony with the lawyers before the witnesses appeared in court.

Although you may consider that fact when you are evaluating a witness's credibility, I should tell you that there is nothing either unusual or improper about a witness meeting with lawyers before testifying so that the witness can be aware of the subjects he will be questioned about, focus on those subjects and have the opportunity to review relevant exhibits before being questioned about them.  Such consultation helps conserve your time and the Court's time.  In fact, it would be unusual for a lawyer to call a witness without such consultation.

Again, the weight you give to the fact or the nature of the witness's preparation for his or her testimony and what inferences you draw from such preparation are matters completely within your discretion.

Charge of the Hon. Michael B. Mukasey in United States v. Abdul Latif Abdul Salam, 98 Cr. 208 (MBM) (S.D.N.Y. 1999).

-28-

REQUEST NO. 20

Defendant's Testimony

[Requested Only if Defendant Testifies]

The defendant in a criminal case never has any duty to testify or come forward with any evidence.  This is because, as I have told you, the burden of proof beyond a reasonable doubt remains on the government at all times, and the defendant is presumed innocent.  In this case, EDWARD FEUER did testify and he was subject to cross-examination like any other witness.  You should examine and evaluate the testimony just as you would the testimony of any witness with an interest in the outcome of the case.

> See United States v. Gaines, 457 F.3d 238, 249 and n.9 (2d Cir. 2006) (approving precise language where "an additional free-standing charge on the defendant's testimony is deemed appropriate").

-29-

REQUEST NO. 21

Defendant's Right Not to Testify

[If Requested by Defense]

EDWARD FEUER did not testify in this case. Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the Government's burden to prove the defendant guilty beyond a reasonable doubt. That burden remains with the Government throughout the entire trial and never shifts to a defendant. A defendant is never required to prove that he is innocent.

You may not attach any significance to the fact that the defendant did not testify. No adverse inference against him may be drawn by you because he did not take the witness stand. You may not consider this against the defendant in any way in your deliberations in the jury room.

Sand et al., Modern Federal Jury
Instructions, Instruction 5-21.

-30-

REQUEST NO. 22

Use Of Evidence Obtained Pursuant To Search or Seizure

You have heard testimony about certain evidence that was obtained in connection with various searches, including through forensic computer analysis, and through the seizure of the defendant's computer.  Evidence obtained from these searches and seizure was properly admitted in this case, and may be considered by you.  Whether you approve or disapprove of how this evidence was obtained should not enter into your deliberations because I now instruct you that the Government's use of this evidence is entirely lawful.

You must, therefore, regardless of your personal opinions, give this evidence full consideration along with all the other evidence in the case in determining whether the Government has proven the defendant's guilt beyond a reasonable doubt.

Adapted from the charges of the Hon. Pierre N. Leval in United States v. Ogando, 90 Cr. 469 (PNL) (S.D.N.Y. 1991), aff'd, 968 F.2d 146 (2d Cir. 1992) and in United States v. Mucciante, 91 Cr. 403 (PNL) (S.D.N.Y. 1992).

REQUEST NO. 23

Admissions of Defendant

[If applicable]

There has been evidence that the defendant made certain statements to the authorities.

In deciding what weight to give the defendant's statements, you should first examine with great care whether the statement was made and whether, in fact, it was voluntarily and understandingly made. I instruct you that you are to give the statement such weight as you feel it deserves in light of all the evidence.

Whether you approve or disapprove of the use of any such statements may not enter your deliberations. I instruct you that any such statements were both made and obtained in a lawful manner, and that no one's rights were violated and that the government's use of this evidence is entirely lawful.

> Adapted from Sand et al., Modern Federal Jury Instructions, Instr. 5-19 and - with respect to the third paragraph - the charge of Hon. Michael B. Mukasey in United States v. Abdul Latif Abdul Salam, 98 Cr. 208 (MBM) (S.D.N.Y. 1999) (in context of government's use of tape recordings).

-32-

<u>REQUEST NO. 24</u>

<u>Persons Not On Trial</u>

If you conclude that other persons may have been involved in criminal acts charged in the Indictment, you may not draw any inference, favorable or unfavorable, toward either the Government or the defendant from the fact that those persons are not named as defendants in this Indictment or are not present at this trial.

In addition, you should not speculate as to the reasons that individuals other than the defendant are not defendants in this trial. Those matters are wholly outside your concern and have no bearing on your function as jurors in this trial.

> Adapted from the charge of the Hon. Michael
> B. Mukasey in <u>United States</u> v. <u>Bello</u>, 91 Cr.
> 571 (MBM) (S.D.N.Y.), <u>aff'd</u>, 990 F.2d 622 (2d
> Cir. 1993), and the charge of the Hon. Louis
> L. Stanton in <u>United States</u> v. <u>Nguyen</u>, 94 Cr.
> 541 (LLS) (1995).

<u>REQUEST NO. 25</u>

Improper Considerations:
<u>Race, Religion, National Origin, Sex or Age</u>

Your verdict must be based solely upon the evidence developed at trial or the lack of evidence.  It would be improper for you to consider, in reaching your decision as to whether the Government sustained its burden of proof, any personal feelings you may have about the defendant's race, religion, national origin, sex or age.  Similarly, it would be improper for you to consider any personal feelings you may have about the race, religion, national, origin, sex or age of any other witness or anyone else involved in this case.  The defendant is entitled to a trial free from prejudice and our judicial system cannot work unless you reach your verdict through a fair and impartial consideration of the evidence.

> Adapted from the charges of the Hon. Richard
> M. Berman in <u>United States</u> v. <u>Kamara</u>, S1 01
> Cr. 979 (RMB) (S.D.N.Y. Jan. 8, 2003), and of
> the Hon. Denny Chin in <u>United States</u> v.
> <u>Olajide</u>, 01 Cr. 365 (DC).

REQUEST NO. 26

Stipulations

[If Applicable]

In this case you have heard evidence in the form of stipulations.

A stipulation of fact is an agreement among the parties that a certain fact is true.  You must accept as true the fact as to which the parties have stipulated.

Adapted from Newton Charge at 1192.

<u>REQUEST NO. 27</u>

<u>Use Of Charts And Tables</u>

[If Applicable]

Now, some of the exhibits were charts.  These charts were introduced basically as summaries.  They are not direct evidence really.  They are summaries of the evidence.  They are a visual representation of information or data as set forth either in the testimony of a witness or in a stipulation or in some documents.  They are admitted as aids to you.  They are not in and of themselves any evidence.  They are intended to be of assistance to you in your deliberations.

In presenting the evidence which you have heard, it is often easier and more convenient to utilize summary charts than to place all of the relevant documents in front of you.  It is up to you to decide whether those charts fairly and correctly present the information in the testimony and the documents.  The charts are not to be considered by you as direct proof of anything.  They are merely graphic demonstrations of what the underlying testimony and documents are.

To the extent that the charts conform with what you determine the underlying evidence to be, you may accept them.  But one way or the other, realize that the charts are not in and of themselves direct evidence.  They are merely visual aids.  They are nothing more.

From the charge of the Hon. Kevin Thomas

-36-

Duffy in <u>United States</u> v. <u>Castellano</u>, SSS 84
Cr. 63, <u>aff'd in part and rev'd in part sub
nom</u>. <u>United States</u> v. <u>Gaggi</u>, 811 F.2d 47 (2d
Cir. 1987), Tr. at 7019-20.

<u>REQUEST NO. 28</u>

<u>Conclusion</u>

Your function now is to weigh the evidence in this case and to determine the guilt or innocence the defendant.

You must base your verdict solely on the evidence and these instructions as to the law, and you are obliged under your oath as jurors to follow the law as I have instructed you, whether you agree or disagree with the particular law in question.

The verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree to it. Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can possibly do so without violence to individual judgment. Each of you must decide the case for him or herself, but do so only after an impartial discussion and consideration of all the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to re-examine your own views, and change an opinion if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors. Remember at all times, you are not partisans. You are judges -- judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

-38-

If you are divided, do <u>not</u> report how the vote stands, and if you have reached a verdict do not report what it is until you are asked in open court.

In conclusion, ladies and gentlemen, I am sure that if you listen to the views of your fellow jurors and if you apply your own common sense you will reach a fair verdict here.

Remember that your verdict must be rendered without fear, without favor and without prejudice or sympathy.

Dated:     New York, New York
           April 30, 2008


                    Respectfully submitted,

                    MICHAEL J. GARCIA
                    United States Attorney


               By: <u>/s/ Mark Lanpher</u>
                    MARK LANPHER
                    DANIEL STEIN
                    Assistant United States Attorneys
                    (212) 637-2399/2407


-39-