UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
UNITED STATES OF AMERICA,
:     07 Cr. 975 (WHP)
:     ORDER
         -against-
:
ED FEUER,
:
               Defendant.
:
------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5-9-08

WILLIAM H. PAULEY III, District Judge:

        This Court received the attached letter from Richard P. Galler, counsel to the defendant, Ed Feuer, and the attached response from the Government. The Parties are directed to appear for a conference concerning the issues addressed in the attached correspondence on May 12, 2008 at 3:00 p.m.

Dated: May 8, 2008
       New York, New York

                                      SO ORDERED:

                                      WILLIAM H. PAULEY III
                                      U.S.D.J.

*Counsel of record:*

Mark Lanpher, Esq.
U.S. Attorney's Office, SDNY
One St. Andrew's Plaza
New York, NY 10007
*Counsel for Government*

Robert Galler, Esq.
Kleeblatt, Galler, & Abramson, L.L.C.
25 Main Street
Hackensack, NJ 07601
*Counsel for Defendant*

# KLEEBLATT, GALLER & ABRAMSON, L.L.C.

ROBERT J. KLEEBLATT
RICHARD P. GALLER*
RONALD M. ABRAMSON
IAN S. KLEEBLATT
THOMAS MC CONNELL

OF COUNSEL
ALAN A. DAVIDSON
LEONARD S. SINGER
NEAL FELLENBAUM*
JEFFREY H. ZEGEN+
JULIAN ALAN SCHULMAN*

COUNSELLORS AT LAW
25 MAIN STREET
HACKENSACK, NJ 07601-7032

(201) 342-1800
DIRECT TEL. EXT. 227

FAX NO: (201) 342-1848

E-MAIL: RICHARD@KGALAW.COM

WAYNE OFFICE
48 MOUNTAINVIEW BLVD
WAYNE, NJ 07474
(973)696-1700

NEW YORK OFFICE
144 EAST 44TH STREET
NEW YORK, NY 10017
(212) 986-4848

1 EXECUTIVE BLVD - SUITE 202
SUFFERN, NY 10901
(914) 368-0104

OUR FILE NO.:



RECEIVED MAY 6 2008 CHAMBERS OF WILLIAM H. PAULEY U.S.D.J.

May 6, 2008

**VIA FACSIMILE**: (212) 805-6390
Honorable William H. Pauley, III
US Courthouse
500 Pearl Street
New York, New York 10007-1312

        Re: United States and Ed Feuer
            Indictment # 07 Cr. 975

Dear Judge Pauley:

    I have made every effort to review this case with my client, the possible plea negotiations, the trial and every other aspect of the case. Mr. Feuer does not respond when I speak to him, either in the office or on the telephone. Every time I ask him what he thinks, he says "I'm listening", and I have received no appropriate response to the issues and thoughts that I have conveyed to him. I have explained the potential plea, I have explained the problems with going to trial, I have explained the enhanced penalties under the sentencing guidelines for going to trial, but I have received no response from him regarding any of these matters.

    On May 6, 2008, we had a conference set up with the Assistant US Attorney, at 11:00 a.m., but my client has refused to attend. The subject matter was to have all sides review the plea negotiations and the potential for an extended sentence if he goes to trial and try to have him fully understand the ramifications of his decisions or lack thereof.

    Considering Mr. Feuer's behavior, I can come to only one conclusion, and that is that he is not competent to consult with counsel and to aid in his own defense. Considering that is my conclusion, I have contacted the Assistant, in charge of the case, Mark Lanpher and I have advised him that I would be sending this letter to the Court. Mr. Lanpher had advised that he will respond to this letter as soon as he receives it. Please accept this letter as a formal request to the Court to appoint a psychiatrist to determine whether or not Mr. Feuer is competent to consult with counsel and if so, if it is just my representation that he is unhappy with or if it is just his decision to refuse advice and not consult with counsel.

Honorable William H. Pauley, III
May 5, 2008
Page 2

I cannot make such a determination on my own, and I require the assistance of the Court.

I specifically request that the Court appoint a psychiatrist so that there is no bias or prejudice on either side. I don't think it would be appropriate for the defense to retain a psychiatrist and then have the government have a separate report and examination. I think it is incumbent upon all of us to have an independent review of Mr. Feuer's condition considering the gravity of the charge, the potential sentence and the defendant's apparent inability to cooperate and consult in his own defense.

I appreciate any consideration you may give me.

Respectfully submitted,

KLEEBLATT, GALLER, ABRAMSON, LLC

By: _____
    Richard P. Galler, Esq.

RPG/md
cc:   Mark Lanpher, Esq.



U.S. Department of Justice

United States Attorney
Southern District of New York



The Silvio J. Mollo Building
One Saint Andrew's Plaza
New York, New York 10007

May 7, 2008

**BY HAND AND FACSIMILE**

Honorable William H. Pauley III
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re: **United States v. Edward Feuer**
         07 Cr. 975 (WHP)

Dear Judge Pauley:

    The Government respectfully submits this letter in response to the letter from Richard P. Galler, Esq., dated May 6, 2008, which asks the Court to appoint a psychiatrist to determine whether or not Mr. Feuer is competent to stand trial. The Government interprets defense counsel's request as a motion, pursuant to Title 18, United States Code, Sections 4241(a) and (b), for a hearing to determine the mental capacity of the defendant and the preparation of a psychiatric evaluation in advance of such hearing. For the reasons stated below, the Government respectfully submits that defense counsel has not yet set forth reasonable cause to believe that such a hearing or evaluation is necessary at this time. Nevertheless, the Government further submits that any determination on this matter should be made by Your Honor after a conference where Your Honor has the opportunity to inquire further of defense counsel and the defendant.

    1.    **Legal Standards**

    "It has long been accepted that a person whose mental condition is such that he lacks the capacity to understand the nature and object of the proceedings against him, to consult with counsel, and to assist in preparing his defense may not be subjected to a trial." Drope v. Missouri, 420 U.S. 162, 171 (1975). However, a criminal defendant may be presumed to be competent. See Cooper v. Oklahoma, 517 U.S. 348, 355 (1996).

William H. Pauley III
May 7, 2008
Page 2

Accordingly, a hearing to determine the mental competency of a criminal defendant "is required only if the court has 'reasonable cause' to believe that the defendant has a mental defect rendering him incompetent." United States v. Nichols, 56 F.3d 403, 414 (2d Cir. 1995) (quoting 18 U.S.C. § 4241(a)); Pate v. Robinson, 383 U.S. 375, 385-86 (1966) (holding that due process may require a competency hearing to be held); see United States v. Zhou, 428 F.3d 361 (2d Cir. 2005); see also Nicks v. United States, 955 F.2d 161, 168 (2d Cir. 1992) (finding standards under § 4241 and due process essentially equivalent). If the Court determines that a competency hearing is necessary, it may order that a psychiatric evaluation be done in advance of such hearing.

The legal standards for such a hearing and psychiatric evaluation are set forth in Title 18, United States Code, Section 4241, which states, in relevant part, as follows:

(a) Motion to determine competency of defendant. - At any time after the commencement of a prosecution for an offense and prior to the sentencing of the defendant, the defendant or the attorney for the Government may file a motion for a hearing to determine the mental competency of the defendant. The court shall grant the motion, or shall order such a hearing on its own motion, if there is <u>reasonable cause to believe</u> that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

(b) Psychiatric or psychological examination and report. - Prior to the date of the hearing, the court <u>may order</u> that a psychiatric or psychological examination of the defendant be conducted, and that a psychiatric or psychological report be filed with the court....

18 U.S.C. § 4241 (emphases added).

"Because the necessity for a competency hearing varies in each case, depending upon a number of factors concerning defendant's behavior and inferences which might be drawn from psychiatrists' reports, the determination of whether there is reasonable cause to believe a defendant may be incompetent rests in the discretion of the district court." United States v. Zhou, 428 F.3d at 379 (citation omitted). There are "no fixed or

William H. Pauley III
May 7, 2008
Page 3

immutable signs which invariably indicate the need for further inquiry to determine fitness to proceed." Drope v. Missouri, 420 U.S. 162, 180 (1975). Further, "[i]n deciding that an evidentiary hearing is unnecessary, a court may rely not only on psychiatrists' reports indicating competency but also on its own observations of the defendant." United States v. Zhou, 428 F.3d at 379 (citations omitted). Indeed, with regard to the threshold "reasonable cause" finding for § 4241 purposes, "deference is owed to the district court's determinations based on observation of the defendant during the proceedings." United States v. Vamos, 797 F.2d 1146, 1150 (2d Cir. 1986) (citing United States v. Oliver, 626 F.2d 254, 258 (2d Cir. 1980); Newfield v. United States, 565 F.2d 203, 206 (2d Cir. 1977)); but see Pate v. Robinson, 383 U.S. at 386 (stating that observations alone "cannot be relied upon to dispense with a hearing on that very issue" where there is substantial other evidence that the defendant is incompetent, including a "history of pronounced irrational behavior").

    2.   <u>Defense Counsel Has Not Established Reasonable Cause To Conclude that the Defendant Is Incompetent</u>

"[D]efense counsel will often have the best-informed view of the defendant's ability to participate in his defense," Medina v. California, 505 U.S. 437, 450 (1992), but that does not mean that a defense counsel's bald assertions of incompetence are necessarily sufficient to establish reasonable cause. In this case, defense counsel's May 6, 2008 letter does not establish reasonable cause to conclude that the defendant lacks the capacity to understand the nature and object of the proceedings against him, to consult with counsel, and to assist in preparing his defense. Rather, this letter, like defense counsel's prior submissions regarding his desire to be relieved as counsel, shows, at most, that the defendant is not accepting his counsel's legal advice.

"The fact that a defendant is a difficult client or chooses not to cooperate fully with his counsel due to a lack of trust or any other reason does not render him incompetent under the law." United States v. Gabb, No. S7 99 CR. 1148 (LAP), 2002 WL 123504 (S.D.N.Y. Jan. 31, 2002); see United States v. Grimes, 173 F.3d 634, 636 (7th Cir. 1999) (concluding that evidentiary hearing to determine defendant's competence was not required, and noting there was nothing unusual when a defendant is "suspicious of his lawyers," has trouble concentrating, or suffers from depression for which he takes Prozac); United States v. Leggett,

William H. Pauley III
May 7, 2008
Page 4

162 F.3d 237, 243 (3d Cir. 1998) (noting that the "district court advisedly refrained from reading a competency issue into the mere incompatibility of a defendant and one particular lawyer").

    Nor does the fact that the defendant refuses to accept defense counsel's legal advice necessarily provide reasonable cause to require the Court to appoint a psychiatrist to complete an evaluation. Significantly, defense counsel had the defendant evaluated by a psychiatrist in January 2008. That psychiatrist prepared a report that concluded the defendant suffered from several psychiatric conditions, including depression and avoidant personality disorder, but in no way concluded that the defendant was incompetent to stand trial.[1]

    As Your Honor is aware, this submission is not the first time the issue of the defendant's cooperation with his counsel has been raised. On April 17, 2008, two-and-a-half weeks before the then-scheduled trial date, defense counsel submitted a letter to Your Honor seeking to be relieved as counsel because, among other things, "[t]he Defendant ha[d] become quite a problem in his own defense as he refuses to cooperate with me and has forbidden me to file pre-trial motions and/or briefs and will not consult with me about the trial and its ramifications." Apr. 17, 2008 Ltr. from Richard P. Galler to the Honorable William H. Pauley III, at 1.

    As a result of that letter, Your Honor scheduled a conference for the following day. At that April 18, 2008 conference, Your Honor denied defense counsel's request to be relieved as counsel because, among other things, the defendant indicated his ability and desire to continue working with defense counsel. Apr. 18, 2008 Conf., Tr. at 15-16. More to the point, at that conference, defense counsel gave no indication of a belief that the defendant was incompetent, rather than simply disagreeing with defense counsel's advice and refusing to help him prepare a defense. Indeed, as your Honor observed at the April 18, 2008 conference in this case:

---

[1] Notably, this psychiatrist's report was prepared in the context of defense counsel seeking a waiver of the mandatory minimum sentence on the grounds that, among other things, the defendant was not a pedophile. Accordingly, the Government is not aware whether, or to what extent, the psychiatrist was asked to opine on the defendant's competence at that time.

William H. Pauley III
May 7, 2008
Page 5

> Well, first, let me say that I've been listening to Mr. Feuer today, and because it's a criminal case, the Court rarely gets to hear from a defendant, rarely gets to pose a question to a defendant. . . . But he strikes me as a sophisticated, intelligent person, who has certainly given articulate answers to my inquiries here today. I have difficulty accepting [defense counsel's] characterization that when you discuss something with him, it seems to just gloss over him or pass by him.

Apr. 18, 2008 Conf., Tr. at 14.

Ultimately, defense counsel's most recent submission suggests, at most, his frustration with the defendant's refusal to consider plea negotiations. But as Your Honor has previously observed, the decision to go to trial is the defendant's choice to make. See Apr. 18, 2008 Conf., Tr. at 30. The defendant's decision to forego plea negotiations or discuss his case at length with defense counsel in no way necessitates the conclusion that he is incompetent.

Nevertheless, the Government acknowledges that defense counsel's May 6, 2008 letter raises serious concerns that must be addressed in advance of trial. Accordingly, the Government respectfully requests that a conference be scheduled to address this issue and provide the Court an opportunity to further question defense counsel's bases for asserting that there is reasonable cause to believe the defendant is mentally incompetent.

Respectfully submitted,

MICHAEL J. GARCIA
United States Attorney

By: _____
Mark Lanpher / Daniel Stein
Assistant United States Attorneys
Tel: (212) 637-2399 / 2407
Fax: (212) 637-2937

cc: Richard Galler, Esq. (by facsimile)