# KLEEBLATT, GALLER & ABRAMSON, L.L.C.

ROBERT J. KLEEBLATT
RICHARD P. GALLER*
RONALD M. ABRAMSON
IAN S. KLEEBLATT
THOMAS MC CONNELL

OF COUNSEL
ALAN A. DAVIDSON
LEONARD S. SINGER
NEAL FELLENBAUM*
JEFFREY H. ZEGEN+
JULIAN ALAN SCHULMAN*
*MEMBER OF NY AND NJ BAR
+MEMBER OF NY BAR ONLY

COUNSELLORS AT LAW
25 MAIN STREET
HACKENSACK, NJ 07601-7032

(201) 342-1800
DIRECT TEL. EXT. 227

FAX NO: (201) 342-1848

E-MAIL: RICHARD@KGALAW.COM

WAYNE OFFICE
48 MOUNTAINVIEW BLVD
WAYNE, NJ 07474
(973)696-1700

NEW YORK OFFICE
144 EAST 44TH STREET
NEW YORK, NY 10017
(212) 986-4848

1 EXECUTIVE BLVD - SUITE 202
SUFFERN, NY 10901
(914) 368-0104

OUR FILE NO.:

May 20, 2008

**VIA FACSIMILE**: (212) 805-6390
Honorable William H. Pauley, III
US Courthouse
500 Pearl Street
New York, New York 10007-1312

      Re:    United States and Ed Feuer
               Indictment # 07 Cr. 975

Dear Judge Pauley:

     Please accept this letter in opposition to the April 25, 2008, letter regarding the intention of the Government to publish certain images.

     As we have explained previously explained in the briefs submitted on behalf of the Defendant Feuer, it is the Defendant's position that the Government should not be able to publish any photographs, recordings, or videos to the jury before the images are authenticated by witnesses. By authentication, we mean, that the children should be designated as real, and that the images should be proven to be real images rather than imaginary computer images or Photoshop composite images. The ten clips of the Defendant's computer together with the videos and images and the 15 full size images which the government wishes to show the jury, all should be properly authenticated by testimony.

     I do not have any argument with the Government's position that it should be able to prove the case as it sees fit, however, in this case the damage to the Defendant is extreme, if images are allowed to be shown to the jury that are not properly authenticated.

     A jury should not speculate as to whether or not an image is a digital enhancement or a digital simulation. In today's times of the advent of digital imaging technology, it is innappropriate to have a jury speculate that an image is accurate and a real person or not. The Government quotes United States vs. Padon Cruz, 255 F.Supp. 2nd 200, S.D.N.Y. 2003, where it indicated that "no reasonable could have believed that more than a handful of the thousands of photographs and videos, could have been produced, using such techniques referring to digital techniques." However, that case was five years ago. In the last five years, movies have been produced with all digital actors, which are virtually impossible to tell from live actors and with

Honorable William H. Pauley, III
May 20, 2008
P

the advance of 10 80P televisions and digital technology, together with modern techniques, it is virtually impossible to tell a real person from a digital one. In addition, the Government has not introduced evidence as yet that the photographs in question, were not composite or Photoshop images.

In regard to other act evidence, the Court should be mindful that evidence described to as "other acts" may not be admissible under Rule 404b and Rule 403, if its probative value is not substantially outweighed by any unfair prejudice. The question for the Court to consider is whether or not acts of uncharged criminal activity is unfair to the Defendant and whether or not the prejudice to the Defendant far outweighs the probative value of the evidence presented.

Thank you for your consideration in this regard.

Respectfully,

KLEEBLATT, GALLER, ABRAMSON, LLC

By: _____
Richard P. Galler

RPG/md