UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X
                                   :
UNITED STATES OF AMERICA,          :
                                   :
            -against-              :   07 Cr. 975 (WHP)
                                   :
EDWARD C. FEUER,                   :   ORDER
                                   :
                    Defendant.     :
                                   :
----------------------------------X

WILLIAM H. PAULEY III, District Judge:

       Defendant Edward C. Feuer is charged with unlawfully, willfully, and knowingly receiving child pornography mailed, shipped and transported in interstate and foreign commerce in violation of 18 U.S.C. § 2252A(a)(2). Defendant moves to suppress certain post-arrest statements concerning his Yahoo! e-mail account. This Court conducted an evidentiary hearing. For the following reasons, Defendant's motion is denied.

## BACKGROUND

       Special Agent Joseph P. Dattoria testified that he arrested Defendant at his General Services Administration ("GSA") work station at 26 Federal Plaza. (May 27, 2008 Hearing Tr. ("Tr.") at 4.) At that time, he asked him not to speak, handcuffed him and brought him to an interview room in the Inspector General's office. (Tr. at 5-6.) Five to ten minutes later, Agent Dattoria removed Defendant's handcuffs and, with two other agents in the room, read him the custodial <u>Miranda</u> warning for GSA employees. (Tr. at 7.) Defendant then read back a portion of the form, initialed each line, and signed and dated it. (Tr. at 8.) Agent Dattoria

advised Defendant that he had the right to speak with Larry Tomscha, his union representative, but Defendant declined. (Tr. at 9.)

Feuer testified that he understood his rights and did not feel pressured to sign the Miranda form. (Tr. at 23-24.) Defendant never asked for an attorney. (Tr. at 24.)

Feuer informed Agent Dattoria that he would answer questions, but did not want to discuss the Internet. (Tr. at 9.) Nevertheless, Agent Dattoria and one other agent asked Defendant some questions about his Internet activities, and they discussed with Feuer his Yahoo! e-mail account in the name chris_sissyboy@yahoo.com, which admitted setting up using false information. (Tr. at 10.) The interview lasted approximately twenty-five minutes. (Tr. at 11.)

## DISCUSSION

To suppress as involuntary a statement made by someone who has received Miranda warnings, the Court must find that law enforcement employed coercive tactics and that such tactics "overbore" defendant's will. Colorado v. Connelly, 479 U.S. 157, 166-67 (1986). Defendant has not established that law enforcement used any coercive tactics. Indeed, Defendant acknowledged that he did not feel coerced to sign his Miranda waiver.

Once an individual has asserted his right to counsel, officials may not question him until either a lawyer is present or the individual reinitiates conversation. Edwards v. Arizona, 451 U.S. 477, 484-85 (1981). To determine whether an individual has invoked his right to counsel, the Court must conduct an objective inquiry into whether a reasonable officer under the circumstances would understand the defendant's statement to be a request for an attorney. Davis v. United States, 512 U.S. 452, 459 (1994). "Invocation of the Miranda right to counsel requires, at a minimum, some statement that can reasonably be construed to be an expression of a

2

desire for the assistance of an attorney." <u>Davis</u>, 512 U.S. at 459 (internal quotations omitted). Here, Defendant concedes that he never asked for an attorney, and there is no evidence that he made any statement even remotely suggesting that he wanted one.

For the foregoing reasons, Defendant's motion to suppress his post-arrest statements about his Yahoo! account is denied.

Dated:   June 3, 2008
         New York, New York

SO ORDERED:

```
                    _____
                    WILLIAM H. PAULEY III
                           U.S.D.J.
```

*Counsel of record*:

Mark D. Lanpher, Esq.
Assistant United States Attorney
Southern District of New York
One St. Andrew's Plaza
New York, NY 10007
*Counsel for the Government*

Richard P. Galler, Esq.
Kleeblatt, Galler, Abramson & Zakim
25 Main Street, Court Plaza North
Hackensack, NJ 07601
*Counsel for Defendant*